BRUNOT, Justice.
 

 This is a suit for an absolute divorce and for the permanent custody and control of three minor children, issue of the marriage between the plaintiff and defendant. In the court below there was judgment for the plaintiff as prayed for in the petition, and the defendant appealed.
 

 The recitals of the petition meet the requirements of the law and are in the form usually followed in divorce suits. The suit is based.upon one specific act of adultery, which is alleged to have been committed by the defendant with O. J. Sellers, at Erost, La., on August 24,1930. In her answer to the suit the defendant emphasizes her denial of the alleged act of adultery; avers that the plaintiff has thereby falsely and publicly defamed her; and, assuming the attitude of plaintiff in reeonvention, she alleges that she is entitled to a judgment in her favor- decreeing a separation “a mensa et thoro” between her and the plaintiff, and a rule upon him to show cause why he should not be condemned to pay alimony in the sum of $60 per month for the support of herself and her minor children during the pendency of the suit.
 

 The regularity and legality of the proceedings prior to the rendition of the judgment appealed from are not questioned. Therefore, the sole issue presented to this court is one of fact.
 

 The appellant has filed a motion in this court, with certain affidavits attached thereto, alleging newly discovered evidence, and asking, in the alternative, that the case be remanded for the hearing and taking of further evidence.
 

 It will not be necessary to pass upon this motion, for the reason that plaintiff toas not satisfactorily sustained the burden of proving his wife’s infidelity, but circumstances are established which, in our opinion, show probable cause for the institution of the suit. Therefore, the proper judgment in this case is one of nonsuit as to the demands of both litigants. The testimony is in direct conflict on all of the important facts. A majority of the -witnesses, including the wife of the alleged corespondent, testified for the defendant, but the proof as a whole does not, in its present state, warrant the rejection of the plaintiff’s demands or the affirmance1 of the judgment appealed from.
 

 A detailed recital of the testimony would support the correctness of our conclusions, but it would needlessly reflect upon the character of the litigants.
 

 Por the foregoing reasons, it is decreed that the judgment appealed from be and it is avoided and that the demands of both the plaintiff and defendant be dismissed as fh case of nonsuit, at appellee’s cost.